

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2005

# Law Ofc Lucas v. Disciplinary Bd

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2695

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Law Ofc Lucas v. Disciplinary Bd" (2005). *2005 Decisions.* Paper 1396.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1396

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-2695
_____


LAW OFFICES OF CHRISTOPHER S. LUCAS & ASSOCIATES,
by and through Christopher S. Lucas,

Appellant

v.

DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA, (DB)


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-00090)
District Judge: Honorable John E. Jones, III
_____


Submitted Under Third Circuit LAR 34.1(a)
on March 11, 2005

Before:  NYGAARD, McKEE, and RENDELL, <u>Circuit Judges</u>

(Filed: April 4, 2005)
_____

OPINION OF THE COURT
_____



- 1 -

RENDELL, Circuit Judge.

Christopher Lucas appeals the District Court's dismissal of a declaratory judgment action against the Disciplinary Board of the Supreme Court of Pennsylvania ("Board"). Lucas alleges that the Pennsylvania Rules of Disciplinary Enforcement ("Rules"), which prohibit disclosure of attorney disciplinary complaints to the media, as applied to him, constitutes a violation of the First Amendment of the United States Constitution. On appeal, Lucas argues the District Court erred in determining that the Eleventh Amendment barred the action and also in failing to apply the Ex Parte Young exception to Eleventh Amendment immunity. Because we agree with the District Court's analysis and conclusions, we will affirm the dismissal of the declaratory judgment.

On August 1, 2003, Lucas filed a complaint with the Board alleging that another attorney ("Attorney X") submitted false testimony in federal and state court suits. Lucas filed this complaint in response to Attorney X's filing of a complaint with the Board regarding certain actions taken by Lucas. Lucas wished to disclose his complaint against Attorney X to a newspaper reporter. Lucas, however, alleges that doing so would violate the Rules that provide complaints submitted to the Board and all proceedings involving misconduct or disability of an attorney shall be confidential. The Board advised Lucas that it preferred his complaint be withdrawn. Lucas withdrew his complaint and initiated an action seeking a declaratory judgment as to whether application of the Rules to such disclosure would constitute a violation of the First Amendment.

- 2 -

The Board filed a motion to dismiss, which District Court granted, on the basis of the Board's sovereign immunity under the Eleventh Amendment and because the Board is not a person within the meaning of section 1983. On appeal, Lucas challenges only the District Court's first conclusion. The District Court had jurisdiction pursuant 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of motions to dismiss on the basis of sovereign immunity is plenary. See MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania, 271 F.3d 491, 503 (3d Cir. 2001).

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another States, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. 11. The Eleventh Amendment "has been interpreted to make states generally immune from suit by private parties in federal court . . . . This immunity extends to state agencies and departments." MCI Telecomm. Corp., 271 F.3d at 503. There are three exceptions to Eleventh Amendment immunity which will allow a suit against the state: (1) congressional abrogation; (2) state waiver; and (3) suits against individual state officers for prospective relief to end ongoing violations of federal law. See id. The third exception refers to the Ex Parte Young doctrine that allows suits for violations of the Constitution and federal statutes against individual state officers. See 209 U.S. 123

- 3 -

(1908); see also MCI Telecomm. Corp., 271 F.3d at 506 (defining Ex Parte Young doctrine).

Lucas has named only the Board, not any individual officers of the Board, in the declaratory judgment action. The Board, an agency of the Supreme Court of Pennsylvania and part of the "unified judicial system," is an arm of the state. See Callahan v. City of Philadelphia, 207 F.3d 669, 672 (3d Cir. 2000) ("All courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies."). As a state agency, the Board has Eleventh Amendment immunity. See id. Therefore, as an arm of the state, Lucas may not sue the Board unless one of the three exceptions to Eleventh Amendment immunity apply. See MCI Telcomm. Corp., 271 F.3d at 503 (listing immunity exceptions).

On appeal, Lucas argues that the Ex Parte Young exception precludes the bar of the Eleventh Amendment to the present action against the Board. However, this reasoning is flawed. "Young does not apply if, although the action is nominally against individual officers, the state is the real, substantial party in interest and the suit in fact is against the state." Id. at 506. Lucas names no individual officers. The Ex Parte Young exception applies only in actions against individual state officers, and not to state

agencies.  See id.  Therefore, the Ex Parte Young exception to Eleventh Amendment

immunity is inapplicable here, thus barring action against the Board.[1]

For the foregoing reasons, we will AFFIRM the dismissal of the declaratory

judgment by the District Court.

---

[1]On appeal, Lucas cites two exceptions to the doctrine of Ex Parte Young.  See
Idaho v. Coeur  d'Alene Tribe of Idaho, 521 U.S. 261 (1997) (holding that an action
cannot be maintained under Young in unique circumstances where the suit against the
state officer affects an essential attribute of state sovereignty in a manner that the action
must be understood as one against the state); Seminole Tribe of Florida v. Florida, 517
U.S. 44 (1996) (holding that Young will not apply where Congress has created a detailed
remedial scheme for the enforcement of a federal statutory right against a state).  Neither
of these exceptions are applicable in this action against the Board.